# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWNETTE WRIGHT, | ) | |
| | ) | Civil Action No.: 2: 14-cv-00601 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Cathy Bissoon |
| | ) | |
| ERIC K. SHINSEKI, | ) | United States Magistrate Judge |
| Defendant. | ) | Cynthia Reed Eddy |
| | ) | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to pay the filing fee by August 22, 2014, or otherwise show cause why this case should not be dismissed.

**II.   REPORT**

Plaintiff, proceeding *pro se*, initiated this civil rights action on May 9, 2014, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), and attached to her motion the Complaint in which she alleges that she was discriminated against because of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et. seq.. On May 15, 2014, the Motion was denied because the application disclosed that Plaintiff had adequate funds to pay the filing fee (ECF No. 2).

1

By Order of July 31, 2014, Plaintiff was directed to pay the filing fee on or before August 22, 2014, and further directed that failure to pay the fee would result in dismissal of this action for failure to prosecute (ECF No. 3).

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted).  These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).  Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*.  There is no indication that she failed to receive either the order denying her *in forma pauperis* status (ECF No. 2) or the order directing her to pay the filing fee (ECF No. 3).  The responsibility for her failure to comply is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories.  In this case, Defendant has not yet been required to respond to the Complaint and therefore have not suffered specific prejudice other than that caused by general delay.

3. A history of dilatoriness.

Plaintiff has made no effort to move this case forward and has ignored the Court's Orders dated May 15, 2014, and July 31, 2014. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect.  Thus, the conclusion that her failure is willful is inescapable.

5. Alternative sanctions.

Plaintiff is proceeding pro se and has not responded to the Court's order. It is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

6. Meritorious of the claim or defense.

Plaintiff alleges that she was sexually assaulted on VA grounds. Given the nature of Plaintiff's allegations, and because this case is in the pre-service stage of litigation, this factor neither weighs for or against dismissal.

In summary, the majority of the Poulis factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed with prejudice for Plaintiff's failure to comply with the Court Order directing her to pay the filing fee.

III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to follow the Court's Order directing her to pay the filing fee.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of her appellate rights.

Dated: November 28, 2014.

s/ Cynthia Reed Eddy<br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

cc: SHAWNETTE WRIGHT
802 North Lang Ave.
Pittsburgh, PA 15208
(via U.S. First Class Mail)